CHRISTIAN L. RAISNER, Bar No. 133839
EMILY P. RICH, Bar No. 168735
JORDAN D. MAZUR, Bar No. 257899
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: bankruptcycourtnotices@unioncounsel.net
craisner@unioncounsel.net
erich@unioncounsel.net
jmazur@unioncounsel.net

Attorneys for Creditor
CARPENTERS TRUST FUNDS & CARPENTERS UNION

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN JOSE DIVISION)

| | |
|---|---|
| In Re<br><br>THOMAS MICHAEL SCHEEL AND JEANNIE M. SCHEEL fdba SCHEEL CONSTRUCTION & DEVELOPMENT CO.,<br><br>Debtors. | Case No. 11-56071<br><br>CHAPTER 7<br><br>Judge: Hon. Stephen L. Johnson |
| THE BOARD OF TRUSTEES, in their capacities as Trustees of THE CARPENTERS HEALTH AND WELFARE TRUST FUND FOR CALIFORNIA; CARPENTERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA; and CARPENTERS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA; and NORTHERN CALIFORNIA CARPENTERS REGIONAL COUNCIL,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS MICHAEL SCHEEL, individually, and fdba SCHEEL CONSTRUCTION & DEVELOPMENT CO. AND JEANNIE M. | Adversary Proceeding No.<br><br>COMPLAINT TO DETERMINE CERTAIN DEBT TO BE NONDISCHARGEABLE |

1

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Case: 11-05290   Doc# 1   Filed: 10/03/11   Entered: 10/03/11 15:38:13   Page 1 of 9

SCHEEL, individually and fdba SCHEEL
CONSTRUCTION & DEVELOPMENT CO.,

Defendants.

The Plaintiffs, The Board of Trustees, in their capacities as Trustees of the Carpenters Health And Welfare Trust Fund For California; Carpenters Vacation-Holiday Trust Fund For Northern California; Carpenters Pension Trust Fund For Northern California; Carpenters Annuity Trust Fund For Northern California; and Carpenters Training Trust Fund For Northern California (collectively the "Carpenters Trust Funds"); and the Northern California Carpenters Regional Council (the "Carpenters Union"), hereby allege as follows as a complaint against the Defendants Thomas Michael Scheel individually and fdba Scheel Construction & Development Co and Jeannie M. Scheel individually and fdba Scheel Construction & Development Co. (collectively "Defendants"):

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 & 157(b)(1).

2. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(I).

3. The Plaintiff Carpenters Trust Funds are multi-employer benefit plans established pursuant to Trust Agreements, with their principal place of business in Oakland, California. The Carpenters Trust Funds are third-party beneficiaries of a collective bargaining agreement ("CBA") of the Carpenters Union. The Carpenters Trust Funds are creditors in this matter.

4. The Defendants Thomas Michael Scheel individually and fdba Scheel Construction & Development Co. and Jeannie M. Scheel individually and fdba Scheel Construction & Development Co. are individuals and debtors in this Chapter 7 bankruptcy case and have an address at 371 Paradise Road, Prunedale, California 93907.

5. At relevant times, Defendants Thomas Michael Scheel and Jeannie M. Scheel, and each of them, was an owner and operator of a business known as Scheel Construction & Development Co. and was a principal in the company and an active participant in the management of the business.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6. Defendants, at material times, did business as a contractor in the State of California and was an employer within the meaning of the Labor-Management Relations Act of 1947, 29 U.S.C. Section 151 et seq.

7. On July 24, 2003, Defendant Thomas Michael Scheel signed a Memorandum Agreement agreeing to the terms and conditions set forth in Carpenters Master Agreement for Northern California ("Carpenters CBA"), which requires Defendant to hire Carpenters Union members and compensate them for work according to the Carpenters CBA and to remit monthly contributions to Carpenter Trust Funds for the purpose of providing employee benefits. A true and correct copy of Carpenters CBA excerpts is attached as **Exhibit A** to the Exhibits A to E to Complaint to Determine The Dischargeability of Certain Debts ("Exhibit Document") and incorporated herein by reference as though set forth at length. A true and correct copy of an agreement to accept the Carpenters CBA as extended through June 2008, bearing the signature of Thomas M. Scheel, is attached as **Exhibit B** to the Exhibit Document and incorporated herein by reference as though set forth at length.

8. The Carpenters Trust Funds are third-party beneficiaries of the Carpenters CBA. A true and copy of the Agreements establishing the Carpenters Trust Funds is attached as **Exhibit C** to the Exhibit Document and incorporated herein by reference as though set forth at length.

9. Defendants were aware of their obligations respecting payment of wages and benefits under the CBA.

10. The Carpenters CBA provides for the resolution of grievances between the parties and sets out a procedure for their resolution, the final step of which is the submission of the grievance to an impartial arbitrator or Board of Adjustment, whose decision shall be final and binding upon the parties to such agreement.

11. A dispute arose over the Defendants' failure to remit amounts to the Carpenters Trust Funds as required under the CBA and Trust Agreements. The Carpenters Union and Carpenters Trust Funds proceeded to follow the steps outlined in the grievance procedure,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

Case: 11-05290    Doc# 1    Filed: 10/03/11    Entered: 10/03/11 15:38:13    Page 3 of 9

ultimately submitting the grievance to a Board of Adjustment, including the Arbitrator appointed pursuant to the collective bargaining agreement.

12. A hearing on Grievance No. 08-098 was conducted on or about November 11, 2008 before the Board of Adjustment and the Arbitrator, Gerald R. McKay. At the hearing, the parties were invited to submit evidence, testimony, and argument. On November 12, 2008, the Board of Adjustment issued a Decision and Award of the Board of Adjustment ("the Award"), and awarded the Plaintiffs $52,216.97 in unpaid fringe benefits and $300.00 for the cost of the proceedings. A true and correct copy of the Award is attached hereto as **Exhibit D** to the Exhibit Document and incorporated herein by reference as though set forth at length.

13. On December 12, 2008, Defendant Thomas Michael Scheel signed a personal promissory note agreeing to pay to the Plaintiffs $47,323.69 in total payments as a result of the delinquent fringe benefit contributions. Separately and in her own personal capacity, Defendant Jeannie Marjorie Scheel also signed the promissory note agreeing to pay the Plaintiffs $47,323.69. A true and correct copy of the promissory note is attached hereto as **Exhibit E** to the Exhibit Document incorporated herein by reference as though set forth at length.

14. Subsequent to the issuance of the Award and signing of the Promissory Note in this matter, Defendants have refused to comply with the terms of the Award and Note. The Plaintiffs have notified Defendants of their obligation to comply fully with the Award and Note; however, Defendants refused and continue to refuse to comply with the Award and Note.

15. On June 29, 2011, Defendants filed the instant bankruptcy case, as a Chapter 7 case. Defendants listed the debts specified in the Award and Promissory Note as debts in the personal bankruptcy.

**FIRST CLAIM FOR RELIEF – DEFENDANTS'S DEBT IS NOT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(2).**

16. Plaintiffs reallege the allegations of foregoing paragraphs and incorporate them fully into this paragraph by this reference.

17. At a time when Defendants entered into the performance of their obligations under the CBA and the Trust Agreements and the Promissory Note, and under federal and state laws

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

governing employee benefit and wage obligations, Defendants did not intend to meet those obligations as required by law. Instead, Defendants falsely made and adopted the representations contained in the CBA and the Trust Agreements and Promissory Note and deceitfully represented that they intended to abide by the terms of the CBA and the Trust Agreements and Promissory Note. However, the Defendants acted with false pretenses by portraying themselves as performing their duties under the CBA, the Promissory Note and the laws respecting wages and employee benefits. The Defendants paid incorrect amounts and, for certain work, no amounts at all for benefit contributions and for wages that were earned by Carpenters Union members. Defendants thus acted with false pretenses to obtain the direct and indirect benefits of the agreements and Promissory Note, including labor peace and enhanced business opportunities and standing. In entering into the CBA and Promissory Note and in specifically taking up some performance of these obligations to Plaintiffs Defendants had the purpose and intention of deceiving the Plaintiffs, while knowing that Defendants acted falsely and fraudulently.

18. The Carpenters Trust Funds relied to their detriment, on Defendants' false representations made by word and deed, especially the show of falsely portraying themselves as willing to act as a Carpenters Union contractor and to abide by the CBA and Promissory Note and make the payments and perform the obligations required. In fact, Defendants did not intend to abide by their promises, while pretending that they did so intend. As a result, the Carpenters Trust Funds, suffered losses in an amount that includes the sums of the Award and the Promissory Note referenced in this Complaint.

19. Defendants' debt to the Carpenters Trust Funds under the CBA and under the Promissory Note arose from false pretenses, false representations, and/or actual fraud and to such extent is not dischargeable under 11 U.S.C. § 523(a)(2).

///
///
///
///
///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

## SECOND CLAIM FOR RELIEF – DEFENDANTS'S DEBT IS NOT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(4).

20. Plaintiffs reallege the allegations of foregoing paragraphs and incorporate them fully into this paragraph by this reference.

21. The CBA, the Trust Agreements, the Promissory Note and the Award required Defendants to make contributions to the Carpenters Trust Funds and to hire and pay certain wages to Carpenters Union members, and these documents govern Defendants' responsibilities to the Carpenters Trust Funds and Carpenters Union and its members, respectively.

22. Each of the Trust Agreements for the respective Carpenters Trust Fund states that the Trust Fund "shall consist of all Contributions required by the Collective Bargaining Agreement or Subscriber's Agreement to be made for the establishment and maintenance of the [respective] Plan, and all interest, income and other returns of any kind." This language appears in Exhibit C hereto, for example in the Trust Agreement for Carpenters Health and Welfare Trust Fund for California Article II Section 1 at page 8.

23. Defendants' capacity to direct these identifiable contributions to the Carpenters Trust Funds made Defendants fiduciaries of the Carpenters Trust Funds with the attendant responsibilities unique to a fiduciary under federal pension law,, specifically ERISA, Title 29 of the United States Code, Section 1001 and following sections.

24. The identified contributions were and are plan assets of the respective Trust Funds, and Defendants had control over their disposition and management and were fiduciaries to that extent under the Employee Retirement Income and Security Act ("ERISA"), and within the ERISA definition of "fiduciary," set forth in 29 U.S.C. § 1002 (21)(A). The Trust Agreements and the CBA to which Defendants agreed to be bound establish that the accrued contributions are assets of ERISA plans and that Defendants had a fiduciary duty under ERISA to account for and properly pay over to the Trust Funds the contributions earned by their carpenter employees.

25. The Defendants' fiduciary relationship with the Trust Funds' contributions arose from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt. Defendants intentionally ceased paying the required

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

contributions to the Carpenters Trust Funds in violation of the law, the CBA, the Promissory Note, and the Trust Agreements governing the Carpenters Trust Funds, established for the purpose of providing employee benefits to Carpenters Union members and their beneficiaries. Instead of making those contributions to the Trust Funds, Defendants converted and used the employee contributions and wages for their own personal use and benefit or for other business expenses.

26. Defendants are in breach of their fiduciary duty to the Carpenters Trust Funds as a result of the failure to turn over Trust Fund assets and wages as required by law, by the CBA, by the Award, by the Promissory Note, and by the Trust Agreements to which Defendants are or were obligated.

27. By failing to properly account for such contributions and provide such payments, as required by the CBA and Trust Agreements, the Defendants breached their duties as ERISA fiduciaries and as fiduciaries under the CBA. That fiduciary breach constitutes a defalcation while acting in a fiduciary capacity, and also constitutes embezzlement, or larceny, and, to such extent, the resulting debts to the Carpenters Trust Funds are not dischargeable under 11 U.S.C. § 523(a)(4).

**THIRD CLAIM FOR RELIEF – DEFENDANTS' DEBT IS NOT DISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6).**

28. Plaintiffs reallege the allegations of foregoing paragraphs and incorporate them fully into this paragraph by this reference.

29. In committing the wrongful acts and course of conduct alleged above, Defendants were substantially certain that the Carpenters Trust Funds would suffer injury as a result of its conduct. Defendants committed their wrongful acts alleged in this complaint intentionally and with no excuse or justification, while knowing it would cause injury to the Carpenters Trust Funds. To that extent the Defendants are not honest but unfortunate debtors and do not deserve to be discharged of their debt to the Carpenters Trust Funds.

///

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

30. More particularly, in addition to the wrongful conduct related above, Defendants knowingly failed and refused to properly pay the contributions owed and the full amount of them, although they had the ability to do so, based upon their bids, construction funds received, and financial capacity. Instead of paying contributions as required under their agreements, Defendants chose to use the funds for their own benefit. This amounted to infliction of willful and malicious injury on the Carpenters Trust Funds.

31. Additionally, Defendants entered into the Promissory Note deliberately and knowingly without the intention to pay the obligations contained therein. Instead of paying contributions as was required under the Promissory Note, Defendants chose to use the funds for their own benefit. This amounted to infliction of willful and malicious injury on the Carpenters Trust Funds.

32. As a result of the above alleged acts and conduct, Defendants' debts to the Carpenters Trust Funds are not dischargeable because they are for willful and malicious injury by the debtor to another entity and to such extent are not dischargeable under 11 U.S.C. § 523(a)(6).

**FOR ALL CLAIMS FOR RELIEF — PLAINTIFFS' REASONABLE ATTORNEYS FEES, COSTS, AND INTEREST ARE AVAILABLE**.

33. Plaintiffs reallege the allegations of foregoing paragraphs and incorporate them fully into this paragraph by this reference.

34. Plaintiffs are entitled to recover their reasonable attorneys' fees under 11 U.S.C. § 523 and pursuant to the Trust Agreements for the Carpenters Trust Funds, pursuant to ERISA, and pursuant to the California Labor Code.

///
///
///
///
///
///
///

**WHEREFORE, Plaintiffs pray for the following relief:**

A. An order that any and all debts owed by Defendants, the Debtors, to the Carpenters Trust Funds, and to each of them, are not dischargeable and are not discharged in this bankruptcy case;

B. Entry of judgment in an amount according to proof;

C. Plaintiffs' reasonable attorneys' fees and costs incurred in this action;

D. Interest on the unpaid amounts; and

E. Such other relief as the Court may deem just and proper.

Dated: October 3, 2011

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /s/ Christian L. Raisner
CHRISTIAN L. RAISNER

Attorneys for Plaintiffs CARPENTERS TRUST FUNDS and CARPENTERS UNION

128595/636677

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

9

Case: 11-05290  Doc# 1  Filed: 10/03/11  Entered: 10/03/11 15:38:13  Page 9 of 9